**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XI'AN ZHUOMAI INFORMATION TECHNOLOGY CO., LTD. and ZHAO RUI,<br><br>Plaintiffs,<br><br>– against –<br><br>FRANCIS AO, individually and doing business as "BeloveGrace" and "belovegrace.com"; and DOE 1,<br><br>Defendants. | Civil Action No. 1:26-cv-________<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Xi'an Zhuomai Information Technology Co., Ltd. ("Zhuomai") and Zhao Rui (together, "Plaintiffs"), by their undersigned counsel, for their Complaint against Defendants Francis Ao, individually and doing business as "BeloveGrace" and "belovegrace.com" ("Ao"), and Doe 1 (together, "Defendants"), allege as follows. Allegations concerning Plaintiffs and their own acts are made on knowledge. All other allegations are made on information and belief formed after reasonable inquiry, on the grounds stated.

## NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq. Zhuomai sells fine and fashion jewelry online under the ITALO, NEXTEARRINGS and NEXTNECKLACE brands. Product photographs taken for Zhuomai appear on its websites, and the photographs at issue are registered with the United States Copyright Office.

2. Defendants operate an online jewelry store at belovegrace.com (the "Store"). Without license or permission, Defendants copied Plaintiffs' registered photographs and publicly

display them on Store product listings to sell competing jewelry to consumers in the United States, including in this District. In several instances Defendants kept the photograph intact and replaced only the background.

3. Plaintiffs assert copyright in the photographs, not in the jewelry depicted in them. Plaintiffs seek an injunction against further reproduction and display of the photographs identified in Exhibit 2, damages or profits, and the other relief the Copyright Act provides.

## THE PARTIES

4. Plaintiff Xi'an Zhuomai Information Technology Co., Ltd. (西安卓迈信息科技有限公司) is a limited liability company organized under the laws of the People's Republic of China, unified social credit code 91610113MA6TXK7L51, established on February 17, 2016, with its registered address at Room A310-1, Tsinghua Science Park, Keji 2nd Road, High-Tech Zone, Xi'an, Shaanxi Province, China.

5. Zhuomai operates the websites italojewelry.com, nextearrings.com and nextnecklace.com. "Italo," "Nextearrings" and "Nextnecklace" are brand and trade names under which Zhuomai does business, and none of them is a separate legal entity. The registrations described in paragraph 20 give the address 5650 Grace Place, Commerce, California 90022 for "Nextearrings" and "Nextnecklace" and name Zhuomai's employee Nancy Chang as the contact for rights and permissions.

6. Plaintiff Zhao Rui is a natural person residing in Xi'an, China. Zhao Rui is the author of, and the copyright claimant of record for, the photographs registered under Registration No. VA 2-138-232. On information and belief, Zhao Rui took those photographs as an employee of Zhuomai, and Zhuomai holds the rights in them by agreement with him. The Copyright Office record for that registration lists Zhuomai for rights and permissions. Zhao Rui is joined so that

each person holding a legal or beneficial interest in those photographs is before the Court. 17 U.S.C. § 501(b).

7. Defendant Francis Ao is a natural person. On information and belief, on or about August 22, 2026, Ao signed and submitted to Shopify Inc. (“Shopify”) a counter-notification under 17 U.S.C. § 512(g) seeking restoration of the Store listings that Zhuomai had reported as infringing, and Shopify confirmed to Zhuomai that it had received a counter-notification and restored the listings in reliance on it. On information and belief, in that counter-notification Ao identified himself as the merchant contact for the Store and gave the e-mail address service@belovegrace.com, the telephone number (267) 585-7130 and the address 30 N Gould St, Ste R, Sheridan, Wyoming 82801. On information and belief, Ao owns, operates or controls the Store and selected or caused the upload of the images on its product listings, and he directed the restoration of the infringing listings.

8. Defendant Doe 1 is the person or entity, if any, other than Ao, that operates the Shopify merchant account for the Store. The Store identifies its operator only as “Belovegrace, an online-only retailer” with an office at Office 5, 8/F, Mega Cube, 8 Wang Kwong Road, Kowloon Bay, Kowloon, Hong Kong, and gives no legal name. Plaintiffs will substitute Doe 1’s true name when it is learned. If Ao is the sole operator of the Store, Plaintiffs will dismiss Doe 1.

9. On information and belief, each Defendant participated in, directed or had the right and ability to supervise the infringing conduct alleged below, and derived a direct financial benefit from it.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act.

11. This Court has personal jurisdiction over Defendants under Fed. R. Civ. P. 4(k)(1)(A) and N.Y. C.P.L.R. § 302(a)(1) because Defendants transact business in New York and contract to supply goods in New York, and Plaintiffs' claim arises from that business.

12. The Store is directed to United States consumers. It prices goods in United States dollars, advertises free shipping on all orders, and accepts orders for delivery to addresses in the United States, including New York.

13. On October 12, 2026, before this action was filed, Plaintiffs' counsel visited the Store listing at https://belovegrace.com/products/blue-sapphire-princess-round-cut-buckle-hoop-earrings-for-women-ge0073 (the "GE0073 Listing"), which offers "Modern Vintage Channel Set Blue Sapphire Princess Cut Hoop Earrings For Women," SKU GE0073, at a sale price of $89.95. Counsel ordered one pair from the GE0073 Listing for delivery to 10 Liberty Street, Apt. 29F, New York, New York 10005, in New York County, within this District, and paid for it by payment card. The order total, after a ten-percent welcome discount offered by the Store, was $80.96.

14. At 4:58 p.m. that day Defendants accepted the order, assigned it order number belovegrace5037, and sent two written confirmations, one through Shopify from the Store's account and one from the Store's own mailing service, each stating that the order had been received and confirmed. The Shopify confirmation recites the New York shipping address and the shipping method, "Free Shipping (7-12 Working Days)," and states: "We're getting your order ready to be shipped. We will notify you when it has been sent." The listing capture, order confirmations and payment record are attached as Exhibit 4.

15. Plaintiffs' claim arises from Defendants' business in New York. Defendants sell through a single storefront that uses Plaintiffs' photographs to present its goods, and they

accepted and confirmed the New York order through that storefront while the photographs identified in Exhibit 2 were displayed on it.

16. Exercising jurisdiction over Defendants comports with due process. Defendants purposefully direct a commercial website at the United States market, knowingly accepted and confirmed an order for delivery to New York, and should reasonably anticipate being haled into court here over the storefront through which they sell into this State. On information and belief, in the counter-notification Ao also agreed to accept service of process from the person who submitted the takedown notice or that person's agent.

17. Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendants may be found here, being subject to personal jurisdiction in this District for the reasons stated above. Venue is also proper under 28 U.S.C. § 1391(c)(3) as to any Defendant not resident in the United States.

**PLAINTIFFS' COPYRIGHTED PHOTOGRAPHS**

18. Zhuomai was established in 2016 and sells jewelry online. Its product photographs are a principal sales tool. Each photograph reflects creative choices by the photographer, including the selection and arrangement of the pieces, their orientation and angle to the lens, the lighting and the placement and shape of highlights and reflections, depth of field, cropping and the composition of the frame.

19. On information and belief, the photographs at issue are camera photographs taken by Zhuomai's employees in the course of their work, and the Italo photographs were taken by Zhao Rui.

20. The photographs at issue are registered with the United States Copyright Office as follows. Copies of the certificates of registration for VA 2-482-854 and VA 2-482-853, and the

Copyright Office public catalog records for VA 2-138-232 and VA 2-122-257, are attached as Exhibit 1.

(a) Registration No. VA 2-138-232, "Italo Jewelry Ring Design Photos Group Register," a group registration of 604 photographs published January 7 through January 10, 2017, effective date of registration December 27, 2018, author and claimant Zhao Rui (the "Italo Registration");

(b) Registration No. VA 2-482-854, "Nextearrings Jewelry Design Collections," a group registration of 96 photographs published December 3 through December 7, 2021, effective date of registration November 20, 2025, author (as employer for hire) and claimant "Nextearrings" (the "Nextearrings Registration"); and

(c) Registration No. VA 2-482-853, "Nextnecklace Jewelry Design Collections," a group registration of 45 photographs published May 3 through May 5, 2020, effective date of registration November 20, 2025, author (as employer for hire) and claimant "Nextnecklace" (the "Nextnecklace Registration"); and

(d) Registration No. VA 2-122-257, "Italo Jewelry Ring Design Photos," a group registration of 32 photographs published January 7 through January 10, 2017, effective date of registration September 14, 2018, author (as employer for hire) and claimant Xi'an Zhuomai Information Technology Ltd. (the "Zhuomai Ring Registration").

21. The Nextearrings and Nextnecklace Registrations identify the author and claimant by Zhuomai's trade names and identify the photographs as works made for hire. Those trade

names identify Zhuomai, the employer for whom the photographs were made and their owner. No other person or entity is identified in those registrations as author or claimant.

22. On information and belief, each photograph asserted in this action (the "Works") is included in the deposit of the Italo Registration or the Zhuomai Ring Registration. These allegations are likely to have evidentiary support after a reasonable opportunity for discovery, including production of the deposit records. Exhibit 2 identifies each Work by Zhuomai's product number and the Store listing that displays a copy of it.

23. Zhuomai published each Work on its websites before Defendants' use began. The Works were freely viewable on italojewelry.com, nextearrings.com and nextnecklace.com, and Defendants had access to them there.

24. Neither Plaintiff has licensed or authorized either Defendant, the Store or anyone acting for them to reproduce, display or create derivative versions of any Work.

## DEFENDANTS' INFRINGING CONDUCT

25. Defendants sell jewelry through product listings on the Store. Each listing displays product images intended to show customers what they will receive and to induce purchases.

26. Defendants reproduced the Works on servers used to host the Store and publicly display them on the Store listings identified in Exhibit 2. Defendants did not photograph the depicted jewelry themselves for those images. They copied Plaintiffs' photographs.

### Defendants' Copying Practice: Store Listing GE0073

27. Defendants' practice is illustrated by the GE0073 Listing, the listing from which Plaintiffs' counsel placed the New York order. Zhuomai's photograph of its blue sapphire princess-cut buckle hoop earrings, sold on nextearrings.com as SKU E4981, shows two earrings

in a fixed arrangement: the left earring faces the viewer upright with the buckle at center, the right earring is turned to show the hinged hoop in profile, and the two are lit to throw a specific pattern of highlights across the pavé and the channel-set stones.

28. The image on the GE0073 Listing reproduces that photograph. The two earrings appear in the same positions, at the same angles and scale, with the same highlights, reflections and stone-by-stone shading. The material change is that Defendants removed the blue background and substituted a dark stone-textured surface with a mirrored reflection. The two images are shown side by side in Exhibit 5.

29. The correspondence between the two images is not explained by the fact that both depict similar earrings. Independent photography of the same pieces would not reproduce the particular arrangement, angles and lighting pattern of Plaintiffs' photograph detail for detail. The degree of identity shows that Defendants started from Plaintiffs' image file.

30. Defendants copied and display the other Works listed in Exhibit 2 in the same manner. For each Work, Exhibit 2 identifies the Store listing, the date of capture, and the photographic elements Defendants retained.

31. Zhuomai first discovered Defendants' use of the Works on or before August 12, 2026. Defendants were displaying the Works on the Store as of September 20, 2026, and on information and belief continue to do so.

**THE DMCA NOTICES AND DEFENDANTS' COUNTER-NOTIFICATION**

32. On or about August 12, 2026, Zhuomai sent Shopify a takedown notice under 17 U.S.C. § 512(c)(3) identifying 58 Store listings, including the listings identified in Exhibit 2. Shopify acknowledged the notice under Ticket ID 16bcfa46-eef8-4fcb-9ada-eb42d50238cf and disabled access to the reported material.

33. On information and belief, on or about August 22, 2026, Ao submitted a counter-notification under 17 U.S.C. § 512(g)(3) asking Shopify to restore the material. On August 24, 2026, Shopify told Zhuomai that it had removed the reported material, that it had received a counter-notification and that the material could be restored unless Shopify received notice within 10 to 14 business days that Zhuomai had filed an action seeking a court order restraining the merchant.

34. Shopify restored the listings. On September 9, 2026, and again on September 17, 2026, Shopify declined to act on a further notice covering the same listings (Ticket ID 9d3935de-30dd-4b52-b7b7-ae674cbfcfda) because of the counter-notification. On September 18, 2026, after Zhuomai wrote that it intended to file suit, Shopify advised that the content had been restored and that it would act on a court order.

35. Since at least August 12, 2026, Defendants have known that Zhuomai claims copyright in the photographs on the reported listings. Defendants nonetheless caused the listings to be restored and have continued to display the Works. The DMCA notices and Shopify's responses, including Shopify's confirmations that it received the counter-notification and restored the listings under it, are attached as Exhibit 3.

**COUNT I**

**Copyright Infringement, 17 U.S.C. §§ 106 and 501**

36. Plaintiffs repeat the allegations of paragraphs 1 through 35.

37. The Works are original works of authorship fixed in a tangible medium of expression and are protected by copyright.

38. Plaintiffs own the copyright in each Work, as their interests are alleged in paragraphs 4 through 6, and each Work is registered as required by 17 U.S.C. § 411(a).

39. Without authorization, Defendants reproduced the Works, prepared altered versions of them, and publicly displayed them on the Store, in violation of the exclusive rights under 17 U.S.C. §§ 106(1), 106(2) and 106(5).

40. Ao is liable as a direct infringer because he caused the Works to be uploaded to and displayed on the Store, and in the alternative is vicariously and contributorily liable because he had the right and ability to supervise the Store's content, obtained a direct financial benefit from the sales the Works generated, and knowingly caused the infringing listings to be restored after notice. Doe 1, if distinct from Ao, is liable as the operator of the Store on the same grounds.

41. Defendants' infringement has been willful. Defendants copied entire photographs and removed only their backgrounds, and after receiving Zhuomai's takedown notice they caused the listings to be restored and kept displaying the Works.

42. Plaintiffs are entitled to recover their actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b), and to an accounting of those profits. As to each Work whose infringement commenced after its effective date of registration, Plaintiffs may elect instead to recover statutory damages under 17 U.S.C. § 504(c), including enhanced damages for willful infringement, and attorney's fees under 17 U.S.C. § 505.

43. Defendants' conduct is causing Plaintiffs harm that money damages will not repair. Defendants use Plaintiffs' own images to sell competing goods to Zhuomai's customers, Plaintiffs cannot control the presentation of their work or the products associated with it, and Defendants appear to be located outside the United States, beyond the practical reach of a money judgment. Unless enjoined, Defendants will continue to infringe. Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor and against Defendants as follows:

A. Declaring that each Defendant has infringed the copyrights in the Works, and that the infringement was willful;

B. Preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees and attorneys, and all others in active concert or participation with them who receive actual notice of the order, from reproducing, publicly displaying, distributing or preparing derivative works from the Works, including on belovegrace.com or any other website, social-media account or storefront;

C. Ordering Defendants to remove the Works and all altered versions of them from every listing on the Store and from any other site under their control within five days of the order, and to file and serve a sworn statement of compliance;

D. Ordering an accounting of Defendants' profits attributable to the infringement and awarding those profits and Plaintiffs' actual damages under 17 U.S.C. § 504(b), or, at Plaintiffs' election and where available, statutory damages under 17 U.S.C. § 504(c), enhanced for willfulness;

E. Awarding Plaintiffs their costs and, where available, reasonable attorney's fees under 17 U.S.C. § 505;

F. Awarding pre-judgment and post-judgment interest; and

G. Granting such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Under Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all issues so triable.

Dated: Mineola, New York
October 20, 2026

Respectfully submitted,

KAUSHIK & ASSOCIATES, PLLC

By: /s/ Nitin Kaushik
Nitin Kaushik
34 Willis Avenue
Mineola, New York 11501
Tel.: (908) 560-7265
nkaushik@kaushiklex.com

Attorneys for Plaintiffs
Xi'an Zhuomai Information Technology Co., Ltd. and Zhao Rui

## INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| 1 | Certificates of registration VA 2-482-854 and VA 2-482-853; Copyright Office public catalog records for VA 2-138-232 and VA 2-122-257 |
| 2 | Schedule of Asserted Works: Plaintiffs' photograph, registration and deposit file, and Defendants' copy, side by side |
| 3 | DMCA takedown notices and Shopify correspondence (Tickets 16bcfa46-eef8-4fcb-9ada-eb42d50238cf and 9d3935de-30dd-4b52-b7b7-ae674cbfcfda) |
| 4 | Capture of the GE0073 Listing and the October 12, 2026 order confirmations for order belovegrace5037 (payment details redacted) |
| 5 | Zhuomai's photograph of SKU E4981 and the image on the GE0073 Listing, side by side |

# EXHIBIT 2

## SCHEDULE OF ASSERTED WORKS

| Item | Store listing | Plaintiffs' original (product no.) | Registration |
|---|---|---|---|
| 1 | GR0080 | Italo 212045 | VA 2-138-232 or VA 2-122-257 |
| 2 | GR0103 | Italo C00601115 | VA 2-138-232 or VA 2-122-257 |
| 3 | GR0098 | Italo 141003 | VA 2-138-232 or VA 2-122-257 |
| 4 | GR0077 | Italo 241175 | VA 2-138-232 or VA 2-122-257 |
| 5 | GR0075 | Italo 212461 | VA 2-138-232 or VA 2-122-257 |
| 6 | GR0087 | Italo 211384 | VA 2-138-232 or VA 2-122-257 |
| 7 | GR0106 | Italo 242298 | VA 2-138-232 or VA 2-122-257 |
| 8 | GR0093 | Italo 241041 | VA 2-138-232 or VA 2-122-257 |
| 9 | GR0071 | Italo 242029 | VA 2-138-232 or VA 2-122-257 |
| 10 | GR0068 | Italo 241362 | VA 2-138-232 or VA 2-122-257 |
| 11 | GR0102 | Italo 242265 | VA 2-138-232 or VA 2-122-257 |
| 12 | GR0073 | Italo 241296 | VA 2-138-232 or VA 2-122-257 |
| 13 | GR0083 | Italo 212324 | VA 2-138-232 or VA 2-122-257 |