**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XI'AN ZHUOMAI INFORMATION TECHNOLOGY CO., LTD. and ZHAO RUI,<br><br>Plaintiffs,<br><br>– against –<br><br>FRANCIS AO, individually and doing business as "BeloveGrace" and "belovegrace.com"; and DOE 1,<br><br>Defendants. | Civil Action No. 1:26-cv-09209-JPC<br><br>**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Xi'an Zhuomai Information Technology Co., Ltd. ("Zhuomai") and Zhao Rui (together, "Plaintiffs"), by their undersigned counsel, for their First Amended Complaint against Defendants Francis Ao, individually and doing business as "BeloveGrace" and "belovegrace.com" ("Ao"), and Doe 1 (together, "Defendants"), allege as follows. This pleading is filed as of right under Federal Rule of Civil Procedure 15(a)(1)(A), no Defendant having yet been served with the original Complaint. Allegations concerning Plaintiffs and their own acts are made on knowledge. All other allegations are made on information and belief formed after reasonable inquiry, on the grounds stated.

## NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq. Zhuomai sells fine and fashion jewelry online under the ITALO, NEXTEARRINGS and NEXTNECKLACE brands. Zhuomai photographs each product it sells for use on its websites, and the photographs at issue are registered with the United States Copyright Office.

2. Defendants operate an online jewelry store at belovegrace.com (the "Store"). Without license or permission, Defendants copied Plaintiffs' photographs and publicly displayed

them on Store product listings to sell competing jewelry, at lower prices, to consumers in the United States, including in this District. In most instances Defendants kept the photograph intact and replaced only the background.

3. Zhuomai’s takedown notice to Shopify Inc. of August 12, 2026 identified fifty-eight Store listings that display Zhuomai’s photographs. Those listings are identified in Exhibit 6. Defendants procured the restoration of every one of them by counter-notification and continued to display Zhuomai’s photographs on them after this action was filed.

4. Plaintiffs assert copyright in the photographs, not in the jewelry depicted in them. Plaintiffs seek an injunction against further reproduction and display of their photographs on the Store, damages or profits, and the other relief the Copyright Act provides.

**THE PARTIES**

5. Plaintiff Xi’an Zhuomai Information Technology Co., Ltd. (西安卓迈信息科技有限公司) is a limited liability company organized under the laws of the People’s Republic of China, unified social credit code 91610113MA6TXK7L51, established on February 17, 2016, with its registered address at Room A310-1, Tsinghua Science Park, Keji 2nd Road, High-Tech Zone, Xi’an, Shaanxi Province, China. Zhang Hengfeng is its Chief Executive Officer.

6. Zhuomai operates the websites italojewelry.com, nextearrings.com and nextnecklace.com. “Italo,” “Nextearrings” and “Nextnecklace” are brand and trade names under which Zhuomai does business, and none of them is a separate legal entity. The registrations described in paragraph 24 give the address 5650 Grace Place, Commerce, California 90022 for “Nextearrings” and “Nextnecklace” and name Zhuomai’s employee Nancy Chang as the contact for rights and permissions.

7. Plaintiff Zhao Rui is a natural person residing in Xi’an, China. Zhao Rui has been employed by Zhuomai as its General Manager since September 11, 2016. His duties include

photographing the jewelry Zhuomai sells for use on its websites. Zhao Rui is the author of, and the copyright claimant of record for, the photographs registered under Registration No. VA 2-138-232. He took them as part of his job, at Zhuomai's direction, with Zhuomai's camera and studio equipment, for use on Zhuomai's website. By a written Intellectual Property Ownership Declaration signed by Zhuomai on October 8, 2016 and by Zhao Rui on October 8, 2017, Zhao Rui and Zhuomai agreed that the copyright in the photographs he created in the course of his employment belongs to Zhuomai. The Copyright Office record for that registration lists Zhuomai for rights and permissions. Zhao Rui is joined so that each person holding a legal or beneficial interest in those photographs is before the Court. 17 U.S.C. § 501(b).

8. Defendant Francis Ao is a natural person. On information and belief, on or about August 22, 2026, Ao signed and submitted to Shopify Inc. ("Shopify") a counter-notification under 17 U.S.C. § 512(g) seeking restoration of the Store listings that Zhuomai had reported as infringing, and Shopify confirmed to Zhuomai that it had received a counter-notification and restored the listings in reliance on it. On information and belief, in that counter-notification Ao identified himself as the merchant contact for the Store and gave the e-mail address service@belovegrace.com, the telephone number (267) 585-7130 and the address 30 N Gould St, Ste R, Sheridan, Wyoming 82801. On information and belief, Ao owns, operates or controls the Store and selected or caused the upload of the images on its product listings, and he directed the restoration of the infringing listings.

9. Defendant Doe 1 is the person or entity, if any, other than Ao, that operates the Shopify merchant account for the Store. The Store identifies its operator only as "Belovegrace, an online-only retailer" with an office at Office 5, 8/F, Mega Cube, 8 Wang Kwong Road,

Kowloon Bay, Kowloon, Hong Kong, and gives no legal name. Plaintiffs will substitute Doe 1's true name when it is learned. If Ao is the sole operator of the Store, Plaintiffs will dismiss Doe 1.

10. On information and belief, each Defendant participated in, directed or had the right and ability to supervise the infringing conduct alleged below, and derived a direct financial benefit from it.

**JURISDICTION AND VENUE**

11. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act.

12. This Court has personal jurisdiction over Defendants under Fed. R. Civ. P. 4(k)(1)(A) and N.Y. C.P.L.R. § 302(a)(1) because Defendants transact business in New York and contract to supply goods in New York, and Plaintiffs' claim arises from that business.

13. The Store is directed to United States consumers. It prices goods in United States dollars, advertises free shipping on all orders, and accepts orders for delivery to addresses in the United States, including New York.

14. On October 12, 2026, before this action was filed, Plaintiffs' counsel visited the Store listing at https://belovegrace.com/products/blue-sapphire-princess-round-cut-buckle-hoop-earrings-for-women-ge0073 (the "GE0073 Listing"), which offers "Modern Vintage Channel Set Blue Sapphire Princess Cut Hoop Earrings For Women," SKU GE0073, at a sale price of $89.95. Counsel ordered one pair from the GE0073 Listing for delivery to 10 Liberty Street, Apt. 29F, New York, New York 10005, in New York County, within this District, and paid for it by payment card. The order total, after a ten-percent welcome discount offered by the Store, was $80.96.

15. At 4:58 p.m. that day Defendants accepted the order, assigned it order number belovegrace5037, and sent two written confirmations, one through Shopify from the Store's

account and one from the Store's own mailing service, each stating that the order had been received and confirmed. The Shopify confirmation recites the New York shipping address and the shipping method, "Free Shipping (7-12 Working Days)," and states: "We're getting your order ready to be shipped. We will notify you when it has been sent." The listing capture, order confirmations and payment record are Exhibit 4.

16. Plaintiffs' claim arises from Defendants' business in New York. Defendants sell through a single storefront that uses Plaintiffs' photographs to present its goods, and they accepted and confirmed the New York order through that storefront while the photographs identified in Exhibits 2 and 6 were displayed on it. The GE0073 Listing itself is one of the fifty-eight listings identified in Zhuomai's takedown notice and in Exhibit 6.

17. Exercising jurisdiction over Defendants comports with due process. Defendants purposefully direct a commercial website at the United States market, knowingly accepted and confirmed an order for delivery to New York, and should reasonably anticipate being haled into court here over the storefront through which they sell into this State. On information and belief, in the counter-notification Ao also agreed to accept service of process from the person who submitted the takedown notice or that person's agent.

18. Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendants may be found here, being subject to personal jurisdiction in this District for the reasons stated above. Venue is also proper under 28 U.S.C. § 1391(c)(3) as to any Defendant not resident in the United States.

**PLAINTIFFS' COPYRIGHTED PHOTOGRAPHS**

19. Zhuomai was established in 2016 and sells jewelry online, principally to consumers in the United States. Its product photographs are a principal sales tool. Zhuomai photographs each product it sells. The photographer chooses how the pieces are arranged and

angled, how they are lit, where the highlights and reflections fall, the depth of field, the background and the crop.

20. The photographs at issue are camera photographs of physical jewelry, not computer renderings, taken by Zhuomai's employees in the course of their work. The Italo ring photographs were taken by Zhao Rui in January 2017 at Zhuomai's premises at Room 310, Building A, Tsinghua Inspur Science and Technology Park, No. 2 Science Road, Xi'an, and were published on italojewelry.com in January 2017.

21. Zhuomai and Zhao Rui have agreed in writing that the copyright in the photographs he created in the course of his employment belongs to Zhuomai, as alleged in paragraph 7. Zhao Rui authorized Zhuomai to file the application that matured into Registration No. VA 2-138-232.

22. Zhuomai publishes each photograph on the website of the brand under which the depicted product is sold, and the photographs remain on those websites and are used to sell the products shown in them.

23. Zhuomai's photographs are registered with the United States Copyright Office. Copies of the certificates of registration for VA 2-482-854 and VA 2-482-853, and the Copyright Office public catalog records for VA 2-138-232 and VA 2-122-257, are Exhibit 1.

24. The registrations are as follows:

(a) Registration No. VA 2-138-232, "Italo Jewelry Ring Design Photos Group Register," a group registration of 604 photographs published January 7 through January 10, 2017, effective date of registration December 27, 2018, author and claimant Zhao Rui (the "Italo Registration");

(b) Registration No. VA 2-122-257, "Italo Jewelry Ring Design Photos," a group registration of 32 photographs published January 7 through January 10, 2017, effective date of registration September 14, 2018, author (as employer for hire) and claimant Xi'an Zhuomai Information Technology Ltd. (the "Zhuomai Ring Registration");

(c) Registration No. VA 2-482-854, "Nextearrings Jewelry Design Collections," a group registration of 96 photographs published December 3 through December 7, 2021, effective date of registration November 20, 2025, author (as employer for hire) and claimant "Nextearrings" (the "Nextearrings Registration"); and

(d) Registration No. VA 2-482-853, "Nextnecklace Jewelry Design Collections," a group registration of 45 photographs published May 3 through May 5, 2020, effective date of registration November 20, 2025, author (as employer for hire) and claimant "Nextnecklace" (the "Nextnecklace Registration").

25. On information and belief, based on the Copyright Office public records, Zhuomai also holds further group registrations of its product photographs, including Registration Nos. VA 2-528-143 and VA 2-528-144, each effective September 30, 2026, naming Zhuomai as author (as employer for hire) and claimant. Plaintiffs will supplement Exhibit 2 with any Exhibit 6 photograph confirmed to be covered by those registrations.

26. The Nextearrings and Nextnecklace Registrations identify the author and claimant by Zhuomai's trade names and identify the photographs as works made for hire. Those trade names identify Zhuomai, the employer for whom the photographs were made and their owner. No other person or entity is identified in those registrations as author or claimant.

27. Each photograph identified in Exhibit 2 (the "Works") is a photograph registered in the Italo Registration or the Zhuomai Ring Registration. The photographs for Items 4, 8 and 10 of Exhibit 2 appear in the list of titles and images deposited with the application for the Italo Registration. On information and belief, the photographs for the remaining Items are included in the deposit of the Italo Registration or of the Zhuomai Ring Registration. Plaintiffs are obtaining the deposit list for the Zhuomai Ring Registration from the Copyright Office and will supplement Exhibit 2 to identify the registration covering each Work. Exhibit 2 identifies each Work by Zhuomai's product number and the Store listing that displays a copy of it.

28. Zhuomai published each Work on italojewelry.com in January 2017, long before Defendants' use began. The Works have remained on italojewelry.com since then and are freely viewable there, and Defendants had access to them there.

29. Neither Plaintiff has licensed or authorized either Defendant, the Store or anyone acting for them to reproduce, display or create derivative versions of any of Zhuomai's photographs. Zhuomai has no business relationship of any kind with Defendants.

**DEFENDANTS' INFRINGING CONDUCT**

30. Defendants sell jewelry through product listings on the Store. Each listing displays product images intended to show customers what they will receive and to induce purchases.

31. Defendants reproduced the Works on servers used to host the Store and publicly displayed them on the Store listings identified in Exhibit 2. Defendants did not photograph the depicted jewelry themselves for those images. They copied Plaintiffs' photographs.

*Defendants' Copying Practice: Store Listing GE0073*

32. Defendants' practice is illustrated by the GE0073 Listing, the listing from which Plaintiffs' counsel placed the New York order. Zhuomai's photograph of its blue sapphire

princess-cut buckle hoop earrings, sold on nextearrings.com as SKU E4981, shows two earrings in a fixed arrangement: the left earring faces the viewer upright with the buckle at center, the right earring is turned to show the hinged hoop in profile, and the two are lit to throw a specific pattern of highlights across the pavé and the channel-set stones.

33. The image on the GE0073 Listing reproduces that photograph. The two earrings appear in the same positions, at the same angles and scale, with the same highlights, reflections and stone-by-stone shading. The material change is that Defendants removed the blue background and substituted a dark stone-textured surface with a mirrored reflection. The two images are shown side by side in Exhibit 5.

34. The correspondence between the two images is not explained by the fact that both depict similar earrings. Independent photography of the same pieces would not reproduce the particular arrangement, angles and lighting pattern of Plaintiffs' photograph detail for detail. The degree of identity shows that Defendants started from Plaintiffs' image file.

35. Defendants copied and displayed the Works listed in Exhibit 2 in the same manner. For each Work, Exhibit 2 shows Plaintiffs' photograph and the image on the Store listing side by side.

*The Fifty-Eight Noticed Listings*

36. Zhuomai's takedown notice to Shopify of August 12, 2026 identified fifty-eight Store listings, by their URLs, that display images copied from Zhuomai's product photographs: thirty-nine ring listings (GR0068 through GR0106), eight earring listings, three bracelet listings and eight necklace listings. Those fifty-eight listings are set out in Exhibit 6 (the "Noticed Listings"). Each Exhibit 2 listing and the GE0073 Listing is among them.

37. On information and belief, each Noticed Listing displayed one or more product images that Defendants copied from photographs Zhuomai created and published on italojewelry.com, nextearrings.com or nextnecklace.com, altered in the manner described above. Exhibit 2 identifies the Noticed Listings for which the registration covering Zhuomai's photograph has been identified on the present record. Plaintiffs will supplement Exhibit 2 as to the remaining Noticed Listings as the Copyright Office deposit records confirm the registration covering each photograph.

38. Zhuomai first saw its photographs on the Store on or about August 11, 2026. Defendants were displaying the Works on the Store as of September 20, 2026, and were still displaying them on October 21, 2026. By October 28, 2026, after this action was filed, fifty-three of the Noticed Listings no longer appeared on the Store. The other five, GR0083, GR0106, GE0073, GE0061 and GN0124, remained on sale that day, and GR0083 and GR0106 continued to display the copies of the Works identified as Items 13 and 7 of Exhibit 2. The images on four of those five listings were uploaded to the Store on August 22 and 23, 2026, the days on which Ao counter-notified and Shopify told Zhuomai that the listings could be restored.

*Defendants' Use of the Works to Undersell Zhuomai*

39. Defendants use the Works to sell rings of the same styles as Zhuomai's, at lower prices. As of October 21, 2026, the Store listings that displayed the Works identified as Items 8, 9, 10 and 13 of Exhibit 2 were priced as follows:

| **Exhibit 2 item** | **Italo product** | **Store listing** | **Italo price** | **Store price** |
|---|---|---|---|---|
| 8 | 241041 | GR0093 | $139.95 | $89.95 |
| 13 | 212324 (white) / 212376 (gold) | GR0083 (white) / GR0091 (gold) | $109.95 | $89.95 |
| 10 | 241362 | GR0068 | $116.58 | $89.95 |
| 9 | 242029 | GR0071 | $149.95 | $95.95 |

40. Zhuomai's order management system records, for each product, the units sold, the sales revenue and the payment conversion rate. For the four ring designs listed above, Zhuomai's sales on italojewelry.com fell from 235 units and $26,875.94 in the sixty-nine days from June 4 through August 11, 2026 to 167 units and $18,723.84 in the sixty-nine days from August 13 through October 20, 2026, a decline of about 29 percent in units and about 30 percent in revenue. Zhuomai did not change the prices, advertising or stock availability of those products between the two periods.

**THE DMCA NOTICES AND DEFENDANTS' COUNTER-NOTIFICATION**

41. On or about August 12, 2026, Zhuomai sent Shopify a takedown notice under 17 U.S.C. § 512(c)(3) identifying the fifty-eight Noticed Listings. Shopify acknowledged the notice under Ticket ID 16bcfa46-eef8-4fcb-9ada-eb42d50238cf and disabled access to the reported material.

42. On information and belief, on or about August 22, 2026, Ao submitted a counter-notification under 17 U.S.C. § 512(g)(3) asking Shopify to restore the material. On August 24, 2026, Shopify told Zhuomai that it had removed the reported material, that it had received a counter-notification and that the material could be restored unless Shopify received notice within 10 to 14 business days that Zhuomai had filed an action seeking a court order restraining the merchant.

43. Shopify restored the listings. On September 9, 2026, and again on September 17, 2026, Shopify declined to act on a further notice covering the same listings (Ticket ID 9d3935de-30dd-4b52-b7b7-ae674cbfcfda) because of the counter-notification. On September 18, 2026, after Zhuomai wrote that it intended to file suit, Shopify advised that the content had been restored and that it would act on a court order. Zhuomai retained United States counsel on October 10, 2026, and this action was filed on October 20, 2026.

44. Since at least August 12, 2026, Defendants have known that Zhuomai claims copyright in the photographs on the Noticed Listings. Defendants nonetheless caused the listings to be restored and continued to display Zhuomai's photographs. The DMCA notices and Shopify's responses, including Shopify's confirmations that it received the counter-notification and restored the listings under it, are Exhibit 3.

**COUNT I**

**Copyright Infringement, 17 U.S.C. §§ 106 and 501**

45. Plaintiffs repeat the allegations of paragraphs 1 through 44.

46. The Works are original works of authorship fixed in a tangible medium of expression and are protected by copyright.

47. Plaintiffs own the copyright in each Work, as their interests are alleged in paragraphs 5 through 7 and 19 through 27, and each Work is registered as required by 17 U.S.C. § 411(a).

48. Without authorization, Defendants reproduced the Works, prepared altered versions of them, and publicly displayed them on the Store, in violation of the exclusive rights under 17 U.S.C. §§ 106(1), 106(2) and 106(5).

49. Ao is liable as a direct infringer because he caused the Works to be uploaded to and displayed on the Store, and in the alternative is vicariously and contributorily liable because he had the right and ability to supervise the Store's content, obtained a direct financial benefit from the sales the Works generated, and knowingly caused the infringing listings to be restored after notice. Doe 1, if distinct from Ao, is liable as the operator of the Store on the same grounds.

50. Defendants' infringement has been willful. Defendants copied entire photographs and removed only their backgrounds, and after receiving Zhuomai's takedown notice they caused the listings to be restored and kept displaying the Works.

51. Plaintiffs are entitled to recover their actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b), and to an accounting of those profits. As to each Work whose infringement commenced after its effective date of registration, Plaintiffs may elect instead to recover statutory damages under 17 U.S.C. § 504(c), including enhanced damages for willful infringement, and attorney's fees under 17 U.S.C. § 505.

52. Defendants' conduct is causing Plaintiffs harm that money damages will not repair. Defendants use Plaintiffs' own images to undersell Zhuomai to its own customers; Zhuomai's sales of the depicted products have fallen since the copying began; Plaintiffs cannot control the presentation of their work or the quality of the products associated with it; Defendants retain the copied image files and can restore the removed listings at will; and Defendants, who do not disclose the identity or location of the Store's operator, appear to be located outside the United States, beyond the practical reach of a money judgment. Unless enjoined, Defendants will continue to infringe. Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor and against Defendants as follows:

A. Declaring that each Defendant has infringed the copyrights in the Works, and that the infringement was willful;

B. Preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees and attorneys, and all others in active concert or participation with them who receive actual notice of the order, from reproducing, publicly displaying, distributing or preparing derivative works from the Works or any other photograph in which Zhuomai holds copyright, including on

belovegrace.com, on the Noticed Listings, or on any other website, social-media account or storefront;

C. Ordering Defendants to remove the Works and all altered versions of them, and every other image copied from Zhuomai's photographs, from the Noticed Listings and every other listing on the Store and from any other site under their control within five days of the order, and to file and serve a sworn statement of compliance;

D. Ordering an accounting of Defendants' profits attributable to the infringement and awarding those profits and Plaintiffs' actual damages under 17 U.S.C. § 504(b), or, at Plaintiffs' election and where available, statutory damages under 17 U.S.C. § 504(c), enhanced for willfulness;

E. Awarding Plaintiffs their costs and, where available, reasonable attorney's fees under 17 U.S.C. § 505;

F. Awarding pre-judgment and post-judgment interest; and

G. Granting such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all issues so triable.

Dated: Mineola, New York
October 28, 2026

Respectfully submitted,

KAUSHIK & ASSOCIATES, PLLC

By: /s/ Nitin Kaushik
Nitin Kaushik

34 Willis Avenue
Mineola, New York 11501
Tel.: (908) 560-7265
nkaushik@kaushiklex.com

Attorneys for Plaintiffs
Xi'an Zhuomai Information Technology Co., Ltd. and Zhao Rui

## INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| 1 | Certificates of registration VA 2-482-854 and VA 2-482-853; Copyright Office public catalog records for VA 2-138-232 and VA 2-122-257 (filed as ECF No. 1-1) |
| 2 | Schedule of Asserted Works (below), with Plaintiffs' photograph and the image on the Store listing side by side for each Work (side-by-side images filed as ECF No. 1-2) |
| 3 | DMCA takedown notices and Shopify correspondence (Tickets 16bcfa46-eef8-4fcb-9ada-eb42d50238cf and 9d3935de-30dd-4b52-b7b7-ae674cbfcfda) (filed as ECF No. 1-3) |
| 4 | Capture of the GE0073 Listing and the October 12, 2026 order confirmations for order belovegrace5037, payment details redacted (filed as ECF No. 1-4) |
| 5 | Zhuomai's photograph of SKU E4981 and the image on the GE0073 Listing, side by side (filed as ECF No. 1-5) |
| 6 | Schedule of the fifty-eight Store listings identified in Zhuomai's August 12, 2026 takedown notice (the Noticed Listings) (below) |

Exhibits 1, 3, 4 and 5, and the side-by-side images comprising Exhibit 2, were filed with the original Complaint as ECF Nos. 1-1 through 1-5 and are adopted and incorporated in this pleading by reference under Federal Rule of Civil Procedure 10(c).